IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

AMANDA K. McENTYRE,

    Plaintiff,

vs.

                             CIVIL ACTION NO. _175CV 317_

SAM'S EAST, INC., JOHN DOE #1, and        **SECOND ORIGINAL**
JOHN DOE #2,

    Defendants,

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff and files her Complaint for Damages against the Defendants

showing the Court as follows:

-1-

Defendant Sam's East, Inc. ("Sam's") is a foreign corporation organized under the State

of Arkansas.  Defendant has an office and place of business in Albany, Dougherty County,

Georgia.  Defendant may be served with a second original summons and complaint by and

through its registered agent Corporate Process Company, 289 S. Culver Street, Gwinnett County,

Lawrenceville, Georgia 30046.

-2-

Upon information and belief, Defendant Sam's operates the Sam's Club located at 1201

N. Westover Blvd., Albany, Dougherty County, Georgia 31707.

-3-

Upon information and belief, John Doe #1 resides in the State of Georgia, and may reside

in Dougherty County.

00237010



-4-

Upon information and belief, John Doe #2 resides in the State of Georgia and may reside in Dougherty County.

-5-

This Court has jurisdiction over this matter, and this Court is the proper venue for this matter.

-6-

On February 22, 2016, Mary McCall purchased four mattresses from the Sam's Club located at 1201 N. Westover Blvd., Albany, Georgia 31707.

-7-

After purchasing the mattresses, employees of Sam's, John Doe #1 and John Doe #2, loaded the mattresses on Ms. McCall's truck.

-8-

Upon information and belief, Sam's employees, John Doe #1 and John Doe #2, provided rope or twine to tie down the mattresses in Ms. McCall's truck.

-9-

Upon information and belief, Sam's employees, John Doe #1 and John Doe #2, volunteered to tie the mattresses down for Ms. McCall, and they tied the mattresses down with the rope or twine they supplied.

-10-

Sam's employees, John Doe #1 and John Doe #2, were acting within the scope of their employment and were agents of Sam's. Therefore, Sam's is vicariously liable for any negligent act of John Doe #1 and John Doe #2 by virtue of the doctrine of respondeat superior.

-11-

Although Plaintiff has information indicating Sam's employees, John Doe #1 and John Doe #2, tied the mattresses for Ms. McCall, the fact of providing a rope or twine to Ms. McCall to tie down the mattresses created a non-delegable duty to Plaintiff to ensure the mattresses were properly tied down and would not blow off of Ms. McCall's truck.

-12-

Sam's, by and through its employees John Doe #1 and John Doe #2, knew or should have known that Ms. McCall was going to be driving her vehicle on the highways of the State of Georgia, and the mattresses were required by Georgia law to be properly tied down so that they would not blow off of her truck.

-13-

Sam's, by and through its employees John Doe #1 and John Doe #2, are liable to Plaintiff for injuries she sustained when the mattresses, which were not properly tied down, blew off of Ms. McCall's truck.

-14-

On February 22, 2016, Plaintiff was driving on the Liberty Expressway in Albany, Dougherty County, Georgia after entering the expressway from Nottingham Road.

-15-

As Plaintiff continued on the Liberty Expressway, she suddenly encountered a mattress in the roadway just after the N. Slappey Blvd. exit, and she was unable to avoid hitting the mattress.

-16-

As a result of hitting the mattress, Plaintiff sustained significant damages to her vehicle.

-17-

As a result of striking the mattress, Plaintiff also suffered severe injuries to her neck and shoulder, both injuries requiring surgery.

-18-

Defendants are liable to Plaintiff for the injuries she sustained as a result of striking the mattress which was not properly tied down to Ms. McCall's truck.

-19-

To date, Plaintiff has incurred special damages as follows:

| | |
|---|---|
| Phoebe Putney Memorial Hospital | $3,662.00 |
| OrthoGeorgia | $43,904.00 |
| Anesthesia Associates of Macon | $2,016.00 |
| Neurodiagnostic Consultants, LLC | $8,559.26 |
| Coliseum Medical Centers | $46,952.15 |
| IPC – Inpatient Consultants of GA | $448.00 |
| Coliseum Health System | $3,006.75 |
| OneSource | $153.00 |
| Fyzical Therapy & Balance Centers | $1,452.00 |
| Orthopaedic Associates | $843.00 |
| Albany Diagnostic Center | $1,800.00 |
| Phoebe Physician Group | $413.00 |
| Radiology Associates of Macon | $80.00 |
| Sentry Anesthesia Management | $3,750.00 |
| Hughston Clinic | $2,112.00 |

Total Special Damages                    $119,151.16

-20-

To date, Plaintiff has incurred lost wages in at least the amount of $5,542.59.

-21-

Plaintiff's injuries have permanently affected her, and she has endured past and present pain and suffering, and she will continue to endure future pain and suffering.

-22-

Due to the negligence of Sam's employees, John #1 and John Doe #2, to ensure the mattresses were properly tied down before Ms. McCall left the Sam's Club premises, Defendants are liable to Plaintiff for her special damages in amount to be proven at trial.

-23-

Due to the negligence of Sam's employees, John #1 and John Doe #2, to ensure the mattresses were properly tied down before Ms. McCall left the Sam's Club premises, Defendants are liable to Plaintiff for general damages for past, present and future pain and suffering in amount as determined by the enlightened conscience of a jury.

WHEREFORE, Plaintiff prays as follows:

(a) That process issues as provided by law;

(b) That Plaintiff recover from Defendants special damages in an amount proven at trial;

(c) That Plaintiff recover from Defendants general damages as determined by the enlightened conscience of a jury; and

(d) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this _21st_ day of September, 2017.

WATSON SPENCE LLP

By: _____

Joseph W. Dent, Esq.
State Bar No.: 218558
Alfreda L. Sheppard
State Bar No.: 525106
Attorneys for Plaintiff
320 W. Residence Avenue (31701)
P. O. Box 2008
Albany, GA 31702-2008
(229) 436-1545
jdent@watsonspence.com
asheppard@watsonspence.com

*Amanda K. McEntyre vs. Sam's East, Inc., et al.*
*State Court of Dougherty County*
*Complaint for Damages*

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

AMANDA K. McENTYRE,                                    Civil Action File No.
                                                       17SCV217
              Plaintiff,

v.

SAM'S EAST, INC., JOHN DOE 1
AND JOHN DOE NO. 2,

              Defendants.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant SAM'S EAST, INC. and makes this Answer to

Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

Page -1-

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Middle District of Georgia, Albany Division.

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's

Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's

Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's

Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's

Complaint.

14.

Defendant lacks sufficient knowledge and information to either admit or deny

the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint, said allegations stand denied.

16.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint, said allegations stand denied.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's

Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's

Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's

Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's

Complaint.

24.

All other allegations contained in the Complaint which are not specifically

responded to herein, are, therefore, denied.

25.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b),

(c), and (d) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with

all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


/s/ Ernest L. Beaton, IV
Ernest L.  Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant
SAM'S EAST, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF
DEFENDANT SAM'S EAST, INC. has this day been filed and served upon opposing
counsel via Peach Court E-File.

This the 29th day of September, 2017.

McLAIN & MERRITT, P.C.


/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
SAM'S EAST, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com