**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

AMANDA K. McENTYRE,                    :
                                       :
    Plaintiff,                         :
                                       :
vs.                                    :     CIVIL ACTION NO. 1:17-CV-177 (LJA)
                                       :
                                       :
SAM'S EAST, INC                        :
                                       :
    Defendant,                         :

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff and files her First Amended Complaint for Damages against the Defendant showing the Court as follows:

-1-

Defendant Sam's East, Inc. ("Sam's") is a foreign corporation organized under the State of Arkansas.  Defendant maintains an office and conducts business in Albany, Dougherty County, Georgia.  Defendant may be served with a second original summons and complaint by and through its registered agent Corporate Process Company, 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046.

-2-

Upon information and belief, Sam's operates the Sam's Club located at 1201 N. Westover Blvd., Albany, Dougherty County, Georgia 31707.

-3-

This Court has jurisdiction over this matter, and this Court is the proper venue for this matter.

00251153

-4-

On February 22, 2016, Mary McCall (hereinafter "Mrs. McCall") purchased two mattresses and two box springs from the Sam's Club located at 1201 N. Westover Blvd., Albany, Georgia 31707.

-5-

After purchasing the mattresses and box springs, employees of Sam's loaded the mattresses and box springs on Mrs. McCall's truck.

-6-

Loading the mattresses and box springs on Mrs. McCall's truck created a non-delegable duty to Plaintiff to ensure the mattresses and box springs were properly secured and would not blow off of Mrs. McCall's truck.

-7-

Upon information and belief, Sam's employees provided rope or twine to tie down the mattresses and box springs in Mrs. McCall's truck.

-8-

Upon information and belief, Sam's employees volunteered to tie the mattresses and box springs down for Ms. McCall, and they tied the mattresses and box springs down with the rope or twine they supplied.

-9-

Sam's employees were acting within the course and scope of their employment and were agents of Sam's.  Therefore, Sam's is vicariously liable for the negligent acts of its employees by virtue of the doctrine of respondeat superior.

-10-

In the alternative, and as testified by the Sam's employees, the Sam's employees refused to tie down or secure the mattresses and box springs which they loaded in Mrs. McCall's truck due to the Carry-Out Service Policy of Sam's.

-11-

Sam's, by and through its employees knew or should have known that Mrs. McCall was going to be driving her vehicle on the highways of the State of Georgia, and the mattresses and box springs were required by Georgia law to be properly secured by any person, including the Sam's employees, loading the mattresses so that they would not blow off of Mrs. McCall's truck.

-12-

On February 22, 2016, Plaintiff was driving on the Liberty Expressway in Albany, Dougherty County, Georgia after entering the expressway from Nottingham Road.

-13-

As Plaintiff continued on the Liberty Expressway, she suddenly encountered a mattress which had flown from Mrs. McCall's truck in the roadway just after the N. Slappey Blvd. exit, and she was unable to avoid hitting the mattress.

-14-

As a result of hitting the mattress, Plaintiff sustained significant damages to her vehicle.

-15-

As a result of striking the mattress, Plaintiff also suffered severe injuries to her neck and shoulder, both injuries requiring surgery.

-16-

Sam's, by and through its employees, is liable to Plaintiff for injuries she sustained when the mattress, which was not properly tied down, blew off of Ms. McCall's truck.

-17-

On February 22, 2016, Sam's had in place a Carry-Out Service Policy which allowed an employee to assist a customer with loading an item into the customer's vehicle, but the policy specifically provided "the customer is responsible for making sure the item is secure in or on top of their vehicle."

-18-

O.C.G.A. § 40-6-248.1(b) provides in pertinent part that no person shall load for operation, on any public road, any vehicle with any load unless such load is securely fastened so as to prevent such load from becoming loose, detached or in any manner becoming a hazard to other users of the public road.

-19-

The Carry-Out Service Policy of Sam's is violates O.C.G.A. § 40-6-248.1(b) and is contrary to Georgia public policy seeking to avoid vehicle loads from becoming loose, detached or in any manner becoming a hazard to other users of the public road.

-20-

By loading the mattresses and box springs onto Mrs. McCall's truck and refusing to secure the load pursuant to Sam's policy, Sam's employees violated O.C.G.A. § 40-6-248.1(b), and said violation constitutes negligence per se.

-21-

If Sam's employees attempted to tie down the mattresses and box springs after loading them on Mrs. McCall's truck, they failed to property secure the load in violation of O.C.G.A. § 40-6-248.1(b), and said violation constitutes negligence per se.

-22-

By virtue of the negligence of its employees and by virtue of negligence per se, Defendant is liable to Plaintiff for the injuries she sustained as a result of striking the mattress which was not properly tied down to Mrs. McCall's truck.

-23-

Plaintiff is and was a member of the class of people O.C.G.A. § 40-6-248.1(b) was designed to protect, namely, a motorist lawfully traversing the roadways and highways of the State of Georgia.

-24-

Sam's actions by and through its employees caused the type of harm O.C.G.A. § 40-6-248.1(b) was enacted to prevent, namely, the personal injuries sustained by Plaintiff when she struck the mattress which ultimately became loose and detached from Mrs. McCall's truck and became a hazard to other users of the public road.

-25-

To date, Plaintiff has incurred special damages as follows:

| | |
|---|---|
| Phoebe Putney Memorial Hospital | $3,662.00 |
| OrthoGeorgia | $43,904.00 |
| Anesthesia Associates of Macon | $2,016.00 |
| Neurodiagnostic Consultants, LLC | $8,559.26 |

| | |
|---|---|
| Coliseum Medical Centers | $46,952.15 |
| IPC – Inpatient Consultants of GA | $448.00 |
| Coliseum Health System | $3,006.75 |
| OneSource | $153.00 |
| Fyzical Therapy & Balance Centers | $1,452.00 |
| Orthopaedic Associates | $843.00 |
| Albany Diagnostic Center | $1,800.00 |
| Phoebe Physician Group | $413.00 |
| Radiology Associates of Macon | $80.00 |
| Sentry Anesthesia Management | $3,750.00 |
| Hughston Clinic | $2,112.00 |
| Total Special Damages | $119,151.16 |

-26-

Plaintiff expects to have future medical treatment for the injuries she suffered from striking the mattress, including surgery, and Plaintiff will incur future medical expenses.

-27-

To date, Plaintiff has incurred lost wages in at least the amount of $5,542.59.  Since Plaintiff will require future medical treatment, including surgery, she will have future lost wages.

-28-

Plaintiff's injuries have permanently affected her, and she has endured past and present pain and suffering, and she will continue to endure future pain and suffering.

-29-

Due to its negligence, Sam's is liable to Plaintiff for her special damages, past present and future medical expenses and lost wages, in amount to be proven at trial and for general damages for past present and future pain and suffering in an amount as determined by the enlightened conscience of a jury.

-30-

Sam's policy of allowing its employees to load a vehicle, but requiring the customer to be responsible for securing the load, is in direct violation of a Georgia law and Georgia public policy which requires the person loading a vehicle to ensure the load is secured before the vehicle travels the public roads and which was enacted to protect the public while using the public roads.

-31-

Sam's policy demonstrates an entire want of care for the public while using the public roads which raise the presumption of conscious indifference to the consequences of its policy which on its face violates Georgia law.  Therefore, Plaintiff should recover punitive damages to punish and penalize Sam's for its policy and to deter it from maintaining policies which violate state laws and state public policy.

WHEREFORE, Plaintiff prays as follows:

(a) That process issues as provided by law;

(b) That Plaintiff recover from Defendants special damages for past present and future medical expenses and lost wages in an amount proven at trial;

(c) That Plaintiff recover from Defendants general damages for past, present and future pain and suffering in an amount as determined by the enlightened conscience of a jury;

(d) That punitive damages be award; and

00251153                                          (7)

(e) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 27th day of March, 2018.

WATSON SPENCE LLP


By:/s/ Joseph W. Dent_____
        Joseph W. Dent, Esq.
        State Bar No.: 218558
        Alfreda L. Sheppard
        State Bar No.: 525106
        Attorneys for Plaintiff
        320 W. Residence Avenue (31701)
        P. O. Box 2008
        Albany, GA 31702-2008
        (229) 436-1545
        jdent@watsonspence.com
        asheppard@watsonspence.com

*Amanda K. McEntyre vs. Sam's East, Inc., et al.*
*State Court of Dougherty County*
*First Amended Complaint for Damages*

00251153                    (8)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed *FIRST AMENDED COMPLAINT FOR DAMAGES* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record and by regular mail with proper postage affixed thereto addressed as follows:.

Ernest L. "Chip" Beaton, IV
Howard M. Lessinger
McLain & Merritt, P.C.
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326

This the 27th day of March, 2018.

/s/ Joseph W. Dent_____
Joseph W. Dent

00251153                                               (9)