IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AMANDA K. MCENTYRE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:17-CV-177 (LAG) |
| SAM'S EAST INC., | : |
| Defendant. | : |

**ORDER**

**THIS ORDER AND THE ATTACHED PROPOSED PRETRIAL ORDER FORM MUST BE CAREFULLY READ, AS THEY ARE AMENDED FROM TIME TO TIME. THIS DOCUMENT INCLUDES THE LATEST REVISIONS.**

**NOTE: THE PAGES OF THE PRETRIAL ORDER MUST BE NUMBERED.**

1.

A Rule 16 pretrial conference will be held in Albany, at 4:00 p.m. on April 15, 2025. The Court requires that lead counsel for each party (or each party unrepresented by counsel) attend the pretrial conference.

2.

This case is set for trial beginning May 19, 2025, in Albany, Georgia.

3.

The parties should notify the Court, by email at Marcia_alvarezbenavidez@gamd.uscourts.gov, of their current positions regarding the possible resolution of this matter via mediation.

4.

**Not less than seven (7) days prior to the pretrial conference,** copies of proposed trial exhibits of each party shall be delivered to all other parties. Any objections to trial exhibits or the contents thereof shall be made **not less than three (3) days prior to the pretrial conference**, and any such objections not made at that time shall be deemed waived. The objecting party shall attach a copy of the subject exhibit to its objection. Any extant trial exhibits not identified shall not be used at trial absent a demonstration that the trial exhibits could not reasonably have been identified prior to the pretrial conference.

5.

**Deposition designations** set forth in accordance with the INSTRUCTIONS FOR SUBMITTING DEPOSITION DESIGNATIONS at Attachment B hereto shall be emailed to the Court **not less than fourteen (14) days prior to the pretrial conference**.

6.

**Any motions in limine shall be filed <u>not less than 28 days prior to the pretrial conference</u>** and Responses shall be filed **<u>not less than 14 days prior to the pretrial</u>**

**conference.** Participants at the pretrial conference should be prepared to discuss the merits of the motions at the pretrial conference. No motions in limine may be made after the pretrial conference absent a showing that the motions could not reasonably have been made at or before the pretrial conference.

7.

The parties must email the Court a joint proposed pretrial order in substantially the same form and covering all the matters referenced in the attached PROPOSED PRETRIAL ORDER **not less than 14 days prior to the pretrial conference**. **The proposed pretrial order must be emailed to the Court as an attachment to the email and in word-processing format.**

**(See CM/ECF Administrative Procedures for Electronic Filing at https://www.gamd.uscourts.gov/sites/gamd/files/AdministrativeProceduresElectronicFiling.pdf.)**

8.

Proposed voir dire questions shall be filed **not less than 28 days prior to the pretrial conference**. Parties should be prepared to discuss any objections thereto at the pretrial conference. The Court's voir dire questions are available on the Court website page at https://www.gamd.uscourts.gov/leslie-abrams-gardner.

9.

**Not less than seven (7) days prior to the pretrial conference**, any proposed jury

3

charges shall be filed. Each proposed charge must be on a separate page, be numbered for identification, and be supported by either case law or a pattern jury charge citation. Proposed requests that are not supported by legal citations will not be considered by the Court.

**At the pretrial conference each party shall:**

(a) Produce electronic copies of all proposed exhibits of the party (including impeachment exhibits known to exist at the time). Plaintiffs' exhibit numbers shall be preceded by the letter "P" and Defendants' exhibit numbers shall be preceded by the letter "D". Joint exhibit numbers shall be preceded by the letter "J". **(When the same exhibit is to be used by each side, it should be treated as a joint exhibit and should be marked accordingly.)** Exhibits which cannot be produced electronically, such as physical objects, shall be identified and numbered on a separate list. <u>**Exhibits not produced at the pretrial conference, unless excused from production by the Court, will not be allowed at trial, absent a demonstration that the exhibit could not reasonably have been produced at the pretrial conference.**</u>

(b) Make any objections as to authenticity of the exhibits of the other parties. Any authenticity objections not made at the pretrial conference shall be deemed waived.

(c) Present to the Court a list of all witnesses who may be called at trial. All objections to witnesses shall be made at the pretrial conference, and any objection to

4

witnesses not made at the pretrial conference shall be deemed waived.  **Witnesses not identified at the pretrial conference shall not be allowed at trial unless otherwise ordered by the Court or unless the witness could not have reasonably been identified prior to the pretrial conference.**  **Opposing counsel may rely on representation by the other party who indicates that he <u>will</u> have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or to obtain this testimony by other means.**

(d)   Present to the court a list of all pending motions or other matters which require a ruling or other action by the Court.  Any pending motions not so identified shall be deemed waived.

10.

The parties shall send their final exhibit and witness lists as allowed by the Court at the pretrial conference in word-processing format to the courtroom deputy at marcia_alvarezbenavidez@gamd.uscourts.gov and provide evidence in electronic format **no less than three (3) business days prior to the beginning of trial. (See "JERS" at http://www.gamd.uscourts.gov/technology for further instructions on submitting electronic evidence.)**

**SO ORDERED,** this 4th day of February, 2025.

                                                    s/Leslie A. Gardner
                                                    LESLIE A. GARDNER, JUDGE
                                                    UNITED STATES DISTRICT COURT